W. B. & T. K. HIGDON *v.* M. R. LANCASTER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—296.]

**Title on Confirmation of Commissioner's Sale.**

The failure of a guardian of infants to execute bond for all of such infants, and the failure of a commissioner to execute a bond or properly qualify, will not affect the title of the purchaser at such sale after its confirmation.

**Construction of Order of Sale and Bond.**

The order of sale and the bond of the guardian should be considered together, and where the bond is given by the guardian for four named infants and the order of sale only names three of them, it will be held binding on all, and the title made by conveyance of a commissioner is good.

APPEAL FROM MARION CIRCUIT COURT.

October 3, 1885.

OPINION BY JUDGE HOLT:

In this case, after the sale of the land of infants had been confirmed by the court, the purchasers appeared and moved that it be set aside and their bonds canceled, upon the ground that by reason of certain irregularities in the proceedings the sale was voidable at the instance of the infants. The only objections urged to it are, first, that the guardian executed bond as to but three of the four infant heirs; and second, that the commissioner who made the sale, and who under the court's order, collected a portion of the purchase-

money before he resigned as such, failed to execute bond or properly qualify.

Granting that this failure was not cured by the nunc pro tunc order made after the sale approving his bond, yet it would not affect the title to the property after the confirmation of the sale. It appears that there are four infant defendants. The order of court made on December 11, 1882, recites: "This day came Elizabeth Lancaster and executed bond, with J. M. Ballard and Ralph Smith sureties, as guardian of E. E. Lancaster, J. R. Lancaster and G. W. Lancaster, which was approved by the court and so indorsed."

. The bond, however, reads thus: "We, M. R. Lancaster, principal, and J. M. Ballard and J. Ralph Smith, securities, do bind ourselves to Elizabeth E., Catherine F., J. R. and G. W. Lancaster, that the said M. R. Lancaster, as guardian of said infants, will faithfully, etc.

"Witness our hand this 11th day of December 1882."

It is indorsed: "Examined and approved by me this 11th day of December, 1882.             Signed, C. A. Hardin, Judge."

The order and bond should be considered together. It is plain that it was executed to all four of the infants, and as such was approved by the court. It can not be doubted but that the infant whose name was no doubt omitted in the order by mistake, could sue and recover upon it for any delinquency of the guardian; and as it properly protected her in interest, the sale could not be avoided by her upon the alleged ground that her .guardian had failed to properly execute the statutory bond. It follows, therefore, that the purchaser can not complain.

Judgment *affirmed*.

*Hill & Rives, for appellant.*